```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
HERMAN CARLEE McMILLIAN,

                          Plaintiff,                        NOT FOR PUBLICATION

            - against -                                     ORDER
                                                            19-CV-2565 (PKC) (RLM)
JAY VICKERS DEWELL, M.D. S/H/A DR.
DEW or DR. DREW and ALYCE HYDE
MEDICAL CENTER,

                          Defendants.
------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Plaintiff Herman Carlee McMillian ("Plaintiff"), who is currently incarcerated at the Auburn Correctional Facility, has filed numerous *pro se* actions in this district. By order dated May 20, 2005, the Honorable John Gleeson barred Plaintiff from filing any *in forma pauperis* ("IFP") complaint without first obtaining leave to do so. *McMillian v. Dewell*, No. 06-CV-0327 (JG), 2006 WL 1027112, at *1 (E.D.N.Y. Feb. 6, 2006). Subsequently, on September 1, 2005, Judge Gleeson determined that—under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g)—Plaintiff would be barred from filing any future IFP complaint unless he could demonstrate that he was in imminent danger of serious physical injury. *See In re Request for Leave to File*, No. 05-MC-197, slip op. (E.D.N.Y. Sept. 1, 2005).

On April 25, 2019, Plaintiff initiated the instant action against Defendants Jay Vickers Dewell, s/h/a Dr. Dew or Dr. Drew, and the Alice Hyde Medical Center. (*See* Complaint ("Compl."), at 1.) Along with his complaint, Plaintiff submitted a request to proceed IFP. (Dkt. 2.) However, Plaintiff did not submit the prisoner authorization form required by the PLRA.[1]

---

[1] Plaintiff's failure to submit a prisoner authorization form constitutes an independent basis on which the Court may dismiss his complaint. *See Sanders v. United States*, No. 17-CV-3593

1

Moreover, Plaintiff submitted a document captioned "Application Pursuant to Court Order Seeking Leave to File," in which he requests permission to file this action and requests the appointment of a medical expert to assist in his case. (Dkt. 4.) Plaintiff also submitted a document captioned "Notice of Motion to Demonstrate that Herman Carlee McMillian is under imminent danger of serious injury because of what the doctor did was a violation of McMillian's 8th Amend[ment] Rights in which is a crime, a federal crime." (Dkt. 3, at 1.) The complaint and documents affixed thereto describe a surgery performed on Plaintiff in 2000 by Defendant Dewell and challenge the constitutionality of Plaintiff's criminal conviction. (Compl., at 4, 5–6; Dkt. 4, at 1–2.) Plaintiff alleges that Defendant Dewell removed his right testicle without Plaintiff's consent. (Compl., at 6–7; Dkt. 3, at 1.) Emphasizing that Defendant Dewell's treatment of Plaintiff departed from sound medical practice (Dkt. 4, at 4), Plaintiff conclusorily states that he faces irreparable harm and imminent danger of serious physical injury (Dkt. 3, at 4).

Plaintiff's allegations do not support a determination that he is in imminent danger of serious physical injury under 28 U.S.C. § 1915(g). As the Second Circuit has explained, "the imminent-danger exception is a safety valve that exists to prevent impending harms." *Shepherd v. Annucci*, 921 F.3d 89, 94 (2d Cir. 2019) (quotations omitted). Plaintiff's allegations of injuries he suffered in the past—here, 19 years ago—are therefore insufficient to demonstrate imminent danger. *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) ("Congress indicated that it wanted to include a safety valve for the three strikes rule to prevent impending harms, not those harms that had already occurred." (quotations omitted)); *see also Chavis v. Chappius*, 618 F.3d

---

(KAM) (RLM), 2018 WL 3148348, at *2 (E.D.N.Y. June 27, 2018) ("The [PLRA] requires an incarcerated plaintiff seeking to proceed IFP to submit an IFP application, a Prisoner Authorization form, and a filing fee to be paid in installments. 28 U.S.C. § 1915(g), b(1). Failure to do so is grounds for dismissal of an incarcerated plaintiff's complaint.")

2

162, 170 (2d Cir. 2010) ("A court may find that a complaint does not satisfy the imminent danger exception if the complainant's claims of imminent danger are conclusory . . . ." (quotations omitted)).

Accordingly, Plaintiff's request for leave to file is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and IFP status is therefore denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 9, 2019
 Brooklyn, New York